IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARIA HERNANDEZ,**
**Plaintiff**

v.                                                             **CIVIL NO. 05-2238(DRD)**

**GUIDANT PUERTO RICO BV,**
**Defendant**

**ORDER OF DISMISSAL**

On May 19, the Court issued an Order to plaintiff to Show Cause as to why the instant matter should not be dismissed for lack of diversity jurisdiction since the corporate defendant, notwithstanding being a foreign corporation, does business exclusively in Puerto Rico (Docket No. 13). Plaintiff was granted until June 2, 2006 to show cause as to the instant matter, and was further advised that failure to timely comply with this Order would result in expressly acquiescing to defendant's request for dismissal and the case being dismissed without prejudice. As of today, plaintiff has failed to respond to the Order to Show Cause hence, defendant's request is deemed as unopposed.

Federal courts are courts of limited jurisdiction. This Court, thus, has the responsibility "to police the border of federal jurisdiction". *Spielman v. Genzyme Corp.*, 251 F3d 1 (1st Cir. 2001). This is so for all federal courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Del Rosario Ortega v. Star Kist Foods*, 213 F.Supp. 2d 84, 88 (D.P.R. 2002) (citing *Conventry Sewage Association v. Dworking Realty Co.,* 71 F.3d 1, 3 (1st Cir. 1995)). Moreover, just as a federal court cannot expand its jurisdictional horizon, the parties cannot confer subject matter jurisdiction on a federal court "by indolence, oversight, acquiescence, or consent." *U.S. v. Horn*, 29 F.3d 754, 768 (1st Cir. 1994). Therefore, as stated before, a party that seeks the jurisdiction of the federal courts has the inalienable burden of demonstrating its existence. See *Murphy v. United States*, 45 F.3d at 522.

As courts of limited jurisdiction, federal courts have the duty of strictly construing jurisdiction-granting statutes. See *e.g. Alicea-Rivera v. SIMED*, 12 F.Supp. 2d 243, 245 (D.P.R. 1998). In the instant case, although plaintiffs cite a plethora of jurisdiction conferring statutes, it is the Court's opinion that diversity of jurisdiction is the only plead jurisdiction granting statute justified jurisdiction under the facts set forth in the complaint under 28 U.S.C. § 1332. As is known, diversity jurisdiction requires complete diversity between all plaintiffs and all defendants. See *Casas Office Machines v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2L.Ed. 435 (1806). Since Co-Defendants have properly challenged plaintiffs' jurisdictional allegations by providing an unsworn statement under penalty of perjury, thus, plaintiffs now bear the burden of proving, by a preponderance of the evidence, the facts supporting jurisdiction. See *Thomson v. Gaskil*, 315 U.S. 442 (1942); *Bank One v. Montle*, 964 F 2d 48, 50 (1st Cir. 1992); *Rivera v. Hosp. Interamericano de Medicina Avanzada*, 125 F. Supp. 2d

11, 17 (D.P.R. 2000).[1]

  For federal jurisdictional purposes, diversity of citizenship must be established as of the time of the filing of the suit. See *Freeport-McMoran, Inc. v. K.N. Energy, Inc.*, 498 U.S. 426, 111 S.Ct. 858 (1991); *Valentín v. Hospital Bella Vista*, 254 F.3d at 361; *Rivera*, 125 F.Supp.2d at 16. In particular, when faced with a determination of diversity jurisdiction wherein a corporation is involved, as is the case at bar, it has been pellucidly established that a corporation's citizenship derives from the State wherein the entity is incorporated and the State wherein its principal place of business occurs.[2] A corporation, however, will not be deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction. See *Wachovia Bank, National Association v. Schmidt*, 388 F.3d 414, 416 (4th Cir. 2004). Moreover, the First Circuit Court of Appeals has been eloquent in explaining three alternate tests to determine the alternatives to determine a corporation's principal place of business. In its own words:

> [o]ne is the "nerve center" test which searches for the location from where the activities of the corporation are controlled and directed. The two other tests are the "center of corporate activity" test, i.e., where the corporation's day-to-day management takes place; and the "locus of operations of the corporation" test, i.e., where the bulk of the corporation's actual physical operations are located.

*Diaz-Rodriguez vv. Pep Boys Corp.*, 410 F.3d 56, 59 (1st Cir. 2005)(citing *Topp v. CompAir, Inc.*, 814 F.2d 830, 834 (1st Cir. 1987)).[3] This, in turn, translates into a corporation's citizenship being potentially located in different geographical locations when juxtaposing the "nerve center" test with the "locus of operations of the corporation" test. Because a corporation may only have **one** principal place of business, the applicability of each test must be performed on a case by case basis.

  The Court, however, understands that there is sufficiently clear First Circuit precedent to aid in the task of determining the corporate jurisdiction in the case at hand. That is to say, pursuant to the First Circuit the "nerve center test governs in the context of a corporation with 'complex and farflung activities' or a corporation without physical operation." *Id.*, at 60. By implication, thus, the "nerve center test" would be inapposite to corporations with physical operations which are neither complex or far-flung. Id. In fact, the First Circuit has gone even further and has expressed that the nerve center "test applies only to far-flung corporations and/or corporations without physical

---

[1] The Court has discretion as to the manner in which preliminary questions of jurisdiction are to be resolved and enjoys broad authority "to order discovery, consider extrinsic evidence, hold evidentiary hearings and make findings of fact in order to determine its own jurisdiction". *Valentín*, 254 F 3d at 363.

[2] A corporation's principal place of business has been defined by the First Circuit Court of Appeals as the locus "where all of the corporation's physical assets are located." *Diaz-Rodriguez v. Pep Boys Corp.*, 410 F.3d 56, 59 (1st Cir. 2005).

[3] The First Circuit has expressly disclaimed dicta in previous decisions which referenced the "center of corporate activity" test. Accordingly, they have ordered that "[i]n the future, district courts required to determine a corporation's principal place of business should not apply the center of corporate activity test. Instead, they should use either the nerve center test or the locus of operations test, depending on the characteristics of the corporation." *Diaz-Rodriguez*, 410 F.3d at 61.

operations, and have added that the principal place of business of a corporation that has the bulk of its physical operations in one state is to be determined under the "locus of operations" test **even when the corporation's executive offices are located in another state**. *Id.* at 61. (Emphasis added.)

"As a general matter, trial courts should give Rule 12(b)(1) motions precedence." *Dynamic Image Technologies, Inc. v. U.S.*, 221 F.3d 34, 37 (1st Cir. 2000). Motions under Rule 12(b)(1) are brought forth to attack two different types of defects: the pleader's failure to comply with Federal Rule of Civil Procedure 8(a)(1)[4] and the Court's actual lack of subject matter jurisdiction – which may exist despite the formal sufficiency of the allegations in the complaint. 5A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 1350 (2d ed. 1990). When the grounds for a Rule 12(b)(1) motion is lack of diversity and/or federal question, as is the case at bar, the pleader must show that the counterpart's claim does not fall under the category of federal question, and that at least one defendant is a citizen of the same State as at least to one plaintiff. That is, "the party invoking the jurisdiction of the federal court carries the burden of proving its existence." *Nater v. Riley*, 114 F. Supp.2d 17, 19 (D.P.R. 2000). See *Miller v. Hygrade Food Products, Corp.*, 89 F. Supp. 2d 643 (E.D. Pa. 2000); *Smith v. SSA*, 54 F. Supp.2d 451(E.D. Pa. 1999); *Kronmuller v. West End Fire Co. No.3*, 123 F.R.D. 170 (1988). Further, even though the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present, when the factual allegations of jurisdiction are properly attacked by a Motion to Dismiss under Rule 12(b)(1), courts are not limited in their review to the mere allegations contained in the complaint. Thus, "the Court, without conversion [to summary judgment], may consider extrinsic material and, to the extent it engages in jurisdictional fact finding, is free to test the truthfulness of the plaintiff's allegations." See *Dynamic Image*, 221 F.3d at 37; *Halstead v. Motorcycle Safety Foundation, Inc.*, 71 F. Supp.2d 464, 468 (E.D. Pa. 1999) ("[A]ny evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction, since it is for the Court to resolve all factual disputes involving the existence of jurisdiction."). If, and only when, it appears that the non-moving party will not be able to assert a colorable claim of subject matter jurisdiction, may the Motion to Dismiss be granted and the complaint dismissed. *See Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884 (3d Cir. 1977).

When deciding a Motion to Dismiss, the Court must accept as true all well-pleaded factual claims and indulge all reasonable inferences in plaintiff's favor. See *Viqueira v. First Bank* 140 F.3d 12, 16 (1st Cir. 1998). However, as established above, once a defendant files a motion contesting the Court's subject matter jurisdiction, pursuant to Federal Rule 12(b)(1), it is plaintiff's burden to establish that the Court in fact has jurisdiction. That is, although a formal hearing is not required, the challenge should not be granted without providing the nonmoving party the opportunity to present the facts in support of his jurisdictional contention either by deposition, affidavit or an evidentiary hearing. See *Berrios v. Department of ARMY*, 884 F.2d 28, 33 (1st Cir. 1989). Therefore, if jurisdiction is asserted pursuant to diversity (28 U.S.C.A.§1332) and the same is duly challenged plaintiff has to establish that there is **complete diversity** and that his or her claim exceeds

---

[4] Failure to comply with Rule 8(a)(1) occurs when the allegations in the complaint are insufficient to show that the federal court has jurisdiction over the subject mater of the case. That is, the complaint is in fact defective and must be dismissed regardless of the actual existence of subject matter jurisdiction unless said deficiency is cured. See *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169 (5th Cir. 1987).

the jurisdictional amount.  See *St. Paul Mercury Indem Co. v. Red Cap Co.*, 303 U.S. 283 (1938). The plaintiff has had his opportunity to prove to the court jurisdiction, and has failed to meet his burden to overcome the jurisdictional challenge raised by defendant.

Because, Federal Courts are courts of limited jurisdiction, this Court has the responsibility "to police the border of federal jurisdiction".  See *Spielman v. Genzyme Corp*, 251 F3d at 4.  The courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Del Rosario Ortega v. Star Kist Foods*, 213 F.Supp. 2d at 88 (D.P.R. 2002)(*citing Conventry Sewage Association v. Dworking Realty Co.*, 71 F.3d at 3 (1st Cir. 1995)).  Hence, a party that seeks the jurisdiction of the Federal Courts, has unquestionable duty to demonstrate its existence once properly challenged.  *Murphy v. United States*, 45 F.3d at 522.

The question before the Court is whether or not the Court posses jurisdiction in the instant case based on complete diversity of citizenship as required by 28 U.S.C. §1332.  As explained above, in order for a federal court to be able to exert its jurisdiction under section 1332, the suit brought forth must be between citizens of different states.  The record supported by an Unsworn Statement Under Penalty of Perjury by Ms. Milagros Gonzalez, Manager of Human Resources for defendant, Guidant Puerto Rico, BV (GPR) shows that GPR is a foreign corporation having its only place of business and only facility in Puerto Rico.  Further the unsworn statement states that all the day to day decision making process and the administrative activities are performed by the managerial and administrative personnel at their facilities located in Dorado, Puerto Rico.  The evidence remains unrebutted.

## CONCLUSIONS

For the reasons stated herein, the Court hereby **DISMISSES** plaintiff's claims against co-defendant Guidant Puerto Rico **WITHOUT PREJUDICE**.  **Judgment** shall be entered accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 19th day of June 2006.

                                               **S/DANIEL R. DOMINGUEZ**
                                               **DANIEL R. DOMINGUEZ**
                                               **U.S. DISTRICT JUDGE**